IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOE FRANK SLATER, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | NO. 4:24-CV-1160-O |
| § | |
| DIRECTOR, TDCJ-ID, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the petition of Joe Frank Slater under 28 U.S.C. §§ 2241 & 2254. For the reasons discussed, the Court concludes that the petition must be **DISMISSED** and, in the alternative, **DENIED**.

**I.   BACKGROUND**

Petitioner is serving a fifteen-year term of imprisonment for his conviction in Case No. CR11885 in the 355th District Court, Hood County, Texas, for false statement to obtain property with an enhancement for a prior conviction for aggravated assault of a police officer.[1] ECF No. 13-5 at 44–45, 77–79. The sentence was imposed on March 16, 2012. *Id.* at 78. Petitioner was released to parole on July 29, 2015. ECF No. 14-1 at 2. On May 4, 2021, a pre-revocation warrant for arrest was executed and Petitioner's parole was revoked on November 14, 2022. *Id.* Petitioner filed a time dispute resolution ("TDR") form on June 30, 2023, which was denied on October 12, 2023. *Id.* at 4. On May 10, 2024, he filed a state application for writ of habeas corpus. ECF No. 13-5 at 20. On September 18, 2024, the Texas Court of Criminal Appeals denied the application

---

[1] The record reflects, and Petitioner recognizes, that he stipulated to the use of a deadly weapon during the commission of the assault. ECF No. 2 at 3; ECF No. 13-1 at 44.

without written order. ECF No. 13-6. On November 12, 2024, Petitioner filed this federal habeas petition. ECF No. 1.

## II.   GROUNDS OF THE PETITION

Petitioner urges two grounds in support of his petition. First, §§ 508.149(a) and 508.283 of the Texas Government Code are unconstitutional and cannot be applied retroactively to make his punishment more severe. ECF No. 1 at 5.[2] Second, Petitioner has been deprived of 2,078 days of street time credit resulting from the revocation of his parole. *Id.* at 7.

## III.   LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is

---

[2] The page number references to the petition are to "Page __ of 24" reflected at the top right portion of the document on the Court's electronic filing system.

pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

**IV.    ANALYSIS**

Petitioner served three years, eight months, and six days of his sentence for false statement

3

to obtain property and was released to parole status on July 29, 2015. He served five years, eight months, and eleven days on parole. When the revocation warrant was executed, Petitioner had five years, five months, and eight days remaining on his sentence. He argues that since he had less time remaining on the sentence than the time he had spent on parole, he is entitled to street-time credit, which he seeks to have applied.

The loss of street-time credit occurred when Petitioner's parole was revoked on November 14, 2022. Thus, Petitioner's federal petition was due November 14, 2023. Respondent recognizes that Petitioner's TDR tolled the limitations period for the time it was pending or for a maximum of 180 days. *Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir. 2010). Here, the TDR was filed June 30, 2023, and denied on October 12, 2023, tolling the limitations period for 104 days until February 26, 2024. Because Petitioner did not file his state habeas application until May 4, 2024, after the deadline had expired, the application did not further toll limitations. *Scott*, 227 F.3d at 263.

Petitioner recognizes that his petition was not timely filed, arguing that through the exercise of diligence, he did not discover that his street-time credits had been taken until October 12, 2023.[3] ECF No. 1 at 13. Even assuming he had been pursuing his rights diligently, he does not contend that any extraordinary circumstance stood in his way and prevented a timely filing. *Holland*, 560 U.S. at 649. He is not entitled to equitable tolling.

Petitioner could not prevail in any event. Parole itself is discretionary in Texas; there is no constitutional expectancy of parole. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Nor is there a constitutional right to street-time credits. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir.

---

[3] Of course, as Respondent notes, Petitioner knew at the time he signed the statement of general conditions of parole release on July 29, 2015, that issuance of a warrant would suspend sentence time credit, which might be reinstated "should supervision be continued." ECF No. 14-2 at 3. Supervision was not continued.

1996); *Munguia v. United States Parole Comm'n*, 871 F.2d 517, 521 (5th Cir. 1989) (same under federal law); *Starnes v. Connett*, 464 F.2d 524, 524 (5th Cir. 1972) ("it is firmly established in this Circuit that time spent on parole does not operate to reduce the sentence of a parole violator returned to prison").

Petitioner argues that the provisions of the Texas Government Code governing street-time credit are unconstitutional and cannot be applied retroactively to make his sentence more severe. He fails to note that Tex. Gov't Code § 508.283 is a provision that the Texas legislature enacted to benefit certain defendants whose parole or mandatory supervision revocation occurs after September 1, 2001. Petitioner is not one of those, as he is a person described by Tex. Gov't Code § 508.149(a). *Ex parte Keller*, 173 S.W.3d 492, 494 (Tex. Crim. App. 2005) (the purpose is that "certain parole violators will receive street-time credit") (citation omitted); *In re Byrd*, 162 S.W.3d 250, 252–54 (Tex. Crim. App. 2005) (discussing that aggravated assault on a peace officer with a deadly weapon would fall within § 508.149(a)). Further, no *ex post facto* violation has occurred because the statute does not retroactively alter the definition of crimes or increase the punishment for any criminal act. *See Cal. Dep't of Corrs. v. Morales*, 514 U.S. 499, 504–05 (1995). Petitioner is simply being required to serve the remainder of the sentence for the crime for which his parole was revoked.

**IV.   CONCLUSION**

For the reasons discussed herein, Petitioner's application is **DISMISSED AS UNTIMELY**. Alternatively, relief is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **11th day** of **June, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**